POLEN, Judge.
Appellant was convicted of acting as a mortgage broker without a license, in violation of section 494.093, Florida Statutes (1989). We affirm because any error which may have occurred was harmless.
Testimony adduced at appellant’s trial revealed that James Hightower and Clifton Ladd contacted appellant in an attempt to borrow three (3) million dollars to purchase real estate. Appellant represented himself as a senior vice president of Morgan, Clydesdale, Terruchi and Strauss [hereinafter Morgan, Clydesdale] which he claimed was a trust fund out of the Isle of Man. Appellant told Hightower and Ladd that he could secure a mortgage for them, with a three percent (3%) surcharge payable to himself and his associates.
John Willard, an employee of the Office of the State Comptroller, testified that appellant was not a licensed mortgage broker in Florida, nor was Morgan, Clydesdale registered as a mortgage brokerage business.
Appellant moved for a judgment of acquittal at the close of the state’s case-in-chief, arguing that section 494.03 provided an exemption to the license requirement for trusts. Further, he maintained that the testimony of Hightower and Ladd demonstrated that he was a senior vice-president with Morgan, Clydesdale, a private investment trust. The state countered that the *1148 burden of establishing the right to any exemption under section 494.03 was on the party claiming the benefit of such exemption, and testimony showed Morgan, Clydesdale did not exist as a trust company.
Appellant first argues that the trial court erred in failing to grant his motion for a judgment of acquittal. Section 494.093, Florida Statutes (1989) provides in pertinent part:
Prohibited Practices. — It is unlawful, and a violation of the provisions of this chapter, for any person:
(1) To act as a mortgage broker in this state without a mortgage broker license issued by the department [of banking and finance].
Appellant argues that he is exempt from this statute pursuant to section 494.03, Florida Statutes (1989), which provides: Exempt Persons.—
(1) This act does not apply to the following:
(a) Banks, trust companies, savings and loan associations ...
Appellant’s argument is incorrect, as section 494.03(2), Florida Statutes (1989), provides:
It shall not be necessary to negate any of the exemptions provided in this chapter in any complaint, information, indictment, or other writ or proceedings brought under this chapter; and the burden of establishing the right to any exemption shall be upon the party claiming the benefit of such exemption.
(Emphasis supplied.) Therefore, appellant had the burden of establishing that the chapter did not apply to him as a representative of a trust company. Appellant was not entitled to a judgment of acquittal on the ground of an exemption under this section, at the close of the state’s case. The trial court correctly denied appellant’s motion for judgment of acquittal. Further, appellant did not introduce evidence during his case-in-chief that would have satisfied his burden of establishing an exemption under this section.
Next, appellant argues that certain testimony elicited during the cross-examination of Ladd, should have been stricken. He points to the following exchange:
MR. FROMANG [Appellant’s Counsel]: Well, isn’t it true, Mr. Ladd, that the reason that you didn’t get the money was because of the title problems?
MR. LADD: The reason that we didn’t get the money is that Mr. Lushington was fraudulent.
MR. FROMANG: Your Honor, I — I request that that be stricken. That — that is not responsive. That is absolutely totally—
THE COURT: The objection is overruled. That answers the question. Motion to strike is denied.
Appellant has failed to demonstrate that the trial court abused its discretion in denying his motion to strike this testimony, which he himself elicited.
Appellant also argues that the court erred in denying two motions for mistrial, one made in response to the admission of hearsay statements, and another made in response to the state’s reference to a deceased codefendant. During re-direct examination, Hightower stated that he had called a certain bank on the Isle of Man and was told by a bank employee that they had never heard of appellant. Appellant objected to this statement, moved that it be stricken, and moved for a mistrial. The court overruled the objection and denied both motions. Hightower’s statements were clearly inadmissible hearsay which should have been stricken, however the admission of this testimony was harmless beyond a reasonable doubt. The state offered evidence that appellant was acting as a mortgage broker in this state without a mortgage broker license issued by the Department of Banking and Finance. There is no reasonable possibility that the error of admitting Hightower’s statement contributed to appellant’s conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Similarly, testimony regarding appellant’s deceased codefendant was irrelevant, however the admission of this testimony constituted harmless error.
*1149 Appellant’s conviction and sentence are affirmed.
GARRETT, J., concurs.
ANSTEAD, J., dissents without opinion.